UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| MARVIN ALEXIS GUADRON ALVAREZ, | ) ) ) ) ) ) ) | |
| Petitioner, | | |
| v. | | |
| DAVID T. WESLING, *Field Office Director of Enforcement and Removal Operations, Boston Field Office, I.C.E.*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, *Acting U.S. Attorney General*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and MICHAEL NESSINGER, *Warden of Wyatt Detention Facility*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 26-cv-374-JJM-PAS |
| Respondents. | ) ) | |

ORDER

## I.    DISCUSSION

Marvin Alexis Guadron Alvarez has filed a habeas petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 1. Mr. Guadron Alvarez also contends that he is a member of the class (i.e., the "*Guerrero Orellana* class") recently certified by Judge Patti B. Saris of the U.S. District Court for the District of Massachusetts, and he seeks enforcement of his

rights as a member of that class. *Id.* at 6-7; *see Guerrero Orellana v. Moniz*, 813 F.

Supp. 3d 185 (D. Mass. 2025), *appeal docketed*, No. 26-1094 (1st Cir. Jan. 26, 2026).

This class is composed of:

> All people who are arrested or detained in Massachusetts, or are detained in a geographical area over which, as of September 22, 2025, an Immigration Court located in Massachusetts is the administrative control court, or who are otherwise subject to the jurisdiction of an Immigration Court located in Massachusetts, where:
>
> (a)  the person is not in any Expedited Removal process under 8 U.S.C. § 1225(b)(1), does not have an Expedited Removal order under 8 U.S.C. § 1225(b)(1), and is not currently in proceedings before an immigration judge due to having been found to have a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(ii);
>
> (b)  for the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States and has not alleged that person was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry or after continuous detention upon arrival;
>
> (c)  the person does not meet the criteria for mandatory detention pursuant to 8 U.S.C. § 1226(c);
>
> (d)  the person is not subject to post-final order detention under 8 U.S.C. § 1231; and
>
> (e)  the person is not a person whose most recent arrest occurred at the border while they were arriving in the United States and has been continuously detained thereafter.

*Guerrero Orellana*, 813 F. Supp. 3d at 198-99.[1]

The Government's position is that Mr. Guadron Alvarez is lawfully detained

pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 4 at 1. As support for this position, the

---

[1] Given that the Court is ruling in favor of Mr. Guadron Alvarez, the Court does not and need not reach his additional argument that he is a member of the *Maldonado Bautista* class certified by the U.S. District Court for the Central District of California. *See* ECF No. 1 at 6-7.

Government cites to recent decisions from the Eighth and Fifth Circuits. *Id.*; *see Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). These cases stand for the idea that all noncitizens present in the United States who have not been admitted or paroled are "applicant[s] for admission" that are "seeking admission" into the country, and they are thus subject to mandatory detention. *See* 8 U.S.C. § 1225(b)(2); *Avila*, 170 F.4th at 1134-35; *Buenrostro-Mendez*, 166 F.4th at 502.

The Government ignores the fact that this Court is not bound by decisions from the Eighth and Fifth Circuits. Indeed, this Court—and the overwhelming majority of district courts—have rejected the Government's position. *See, e.g.*, *Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *1 (D.R.I. Feb. 24, 2025) (collecting cases from the District of Rhode Island); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. 2025) (explaining that similarly situated petitioners "have prevailed, either on a preliminary or final basis, in 350 [out of 362] cases decided by over 160 different judges sitting in about fifty different courts spread across the United States").

Three federal courts of appeals have also rejected the Government's position. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026) (holding that 8 U.S.C. § 1225(b)(2)(A) "does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026) ("We

are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)."); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) ("We therefore find that an "applicant for admission" is not necessarily 'seeking admission.' Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them."). This Court finds those decisions to be persuasive.

Just in case it bears repeating, the Court will remind the Government that its power to detain a noncitizen must be grounded in a specific provision of the Immigration and Nationality Act ("INA"). *See, e.g.*, *Gonzalez Lopez v. Wesling*, No. 26-cv-047-JJM-AEM, --- F. Supp. 3d ----, 2026 WL 309607, at *1 (D.R.I. Feb. 5, 2026); *accord Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). Here, the Government argues that 8 U.S.C. § 1225(b)(2) is the authority that gives it the power to detain Mr. Guadron Alvarez. ECF No. 4 at 1. Not so.

As this Court has stated in *Tomas Elias* and the litany of cases that have followed it, this INA provision does *not* provide the Government with the legal authority to detain individuals in Mr. Guadron Alvarez's position. *See, e.g.*, *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437, at *2-3 (D.R.I. Oct. 27, 2025). As someone who has resided in the United States since 2005, *see* ECF No. 1 at 8, Mr. Guadron Alvarez cannot fairly be described as someone who is "seeking admission" into the country, so 8 U.S.C. § 1225(b)(2) does not and cannot apply to him. Indeed, the Government acknowledges that should the Court follow its

4

reasoning in *Tomas Elias*, it would reach the same result in Mr. Guadron Alvarez's case.  ECF No. 4 at 2.

With respect to Mr. Guadron Alvarez's contention that he is a part of the *Guerrero Orellana* class, the Government does not raise much of an objection and simply states that this legal issue is like one recently addressed by Judge F. Dennis Saylor IV of the U.S. District Court for the District of Massachusetts.  ECF No. 4 at 2; *see Martins de Oliveira v. Hyde*, No. 25-13940-FDS, 2026 WL 74111 (D. Mass. Jan. 9, 2026).  In that case, Judge Saylor held that a noncitizen detainee belonged to the *Guerrero Orellana* class because he: (1) was detained in Massachusetts; (2) was not placed in expedited removal proceedings; (3) was neither admitted nor paroled into the United States; (4) is not subject to mandatory detention under 8 U.S.C. § 1226(c); (5) is not subject to post-final order detention under 8 U.S.C. § 1231; and (6) his most recent arrest did not occur at the border when he was arriving in the United States. *Martins de Oliveira*, 2026 WL 74111, at *2.  Here too, the Government concedes that should the Court apply the reasoning of *Martins de Oliveira* to this case, it would likely reach the same result as Judge Saylor.  ECF No. 4 at 2.

The reasoning provided in *Tomas Elias* and *Martins de Oliveira* remains correct.  As such, the Court finds that Mr. Guadron Alvarez's detention is unlawful. *See Tomas Elias*, 2025 WL 3004437, at *2-3.  In addition, for the same reasons stated by Judge Saylor, the Court finds that Mr. Guadron Alvarez is a member of the *Guerrero Orellana* class.  *See Martins de Oliveira*, 2026 WL 74111, at *2.  Mr. Guadron Alvarez's petition is therefore GRANTED.  ECF No. 1.

## II.    REMEDY

As for next steps, there is a dispute over what remedy is proper for Mr. Guadron Alvarez.  The Government argues that the Court should deny Mr. Guadron Alvarez's request for immediate release from ICE custody and asks that he only be granted a bond hearing.  ECF No. 4 at 1 n.1.

Of course, this is completely antithetical to the Government's original position. The Government has consistently maintained that those who are subject to 8 U.S.C. § 1225(b)(2) are statutorily *ineligible* for bond hearings.  *See, e.g.*, *Matter of Q. Li*, 29 I&N Dec. 66, 69 (BIA 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018)). And, in this case, the Government does not claim that it has the authority to detain Mr. Guadron Alvarez under any statute other than 8 U.S.C. § 1225(b)(2).  But again, this statute does not apply to Mr. Guadron Alvarez's particular circumstances.

Recall that the Government's power to detain *must* be grounded in a specific provision of the INA.  Thus, considering that the Government did not have the legal authority to detain Mr. Guadron Alvarez in the first place, and given that it fails to cite any other authority under which he may be detained, it follows then that the proper remedy is to order Mr. Guadron Alvarez's immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

The Court will also order a bond hearing for Mr. Guadron Alvarez pursuant to 8 U.S.C. § 1226(a).  At the bond hearing, the Government will be free to argue to an

IJ that Mr. Guadron Alvarez should be detained. However, the Government will have the burden of proving this point either by clear and convincing evidence that he poses a danger to the community or by preponderance of the evidence that he poses a flight risk. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).

## III.    CONCLUSION

The Court therefore GRANTS Mr. Guadron Alvarez's habeas petition. ECF No. 1. The Government is hereby ORDERED to **release Marvin Alexis Guadron Alvarez immediately**. Per its request, the Government is permitted to transfer Mr. Guadron Alvarez to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 4 at 1 n.1. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the Government did not have the lawful authority to detain Mr. Guadron Alvarez in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales*, 2026 WL 508811, at *3-4 (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility"). Effectuating Mr. Guadron Alvarez's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to **provide Marvin Alexis Guadron Alvarez with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this order. Should it choose to pursue Mr. Guadron Alvarez's continued

7

detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM-AEM, 2026 WL 710297, at \*8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to **file a status report** within five (5) days of Mr. Guadron Alvarez's bond hearing, stating whether he has been granted bond. If Mr. Guadron Alvarez's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Guadron Alvarez has been re-detained by ICE.

IT IS SO ORDERED.

*s/John J. McCoinnell, Jr.*

—————————————————————

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

June 12, 2026

8